IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Reeves Hazel, III, ) | |
| ) | CIVIL ACTION NO. 9:10-0321-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sargent Rosemary Sanders and ) | |
| Captain Cliff McElvogue, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pre-trial detainee at the Berkeley County Detention Center[1], alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 13, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 14, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion for summary judgment on April 19, 2010.

---

[1] Plaintiff is now an inmate with the South Carolina Department of Corrections, housed at the Ridgeland Correctional Institution. See Court Docket No. 22.



The Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges a hodgepodge of claims in his verified complaint.[3] Plaintiff alleges that he is provided with only two sheets of paper, two envelopes, and temporary use of a pencil once a week, thereby restricting his access to the courts in violation of his constitutional rights. Plaintiff also complains that he is denied access to "appropriate reference material". Plaintiff further alleges that his outgoing legal mail is "delayed and tampered with", resulting in some of his legal writing "becoming lost". Plaintiff also alleges that the Defendant Sanders has subjected him to "ongoing retribution", including "verbal and mental abuse", as a result of Plaintiff "filing claims".

Plaintiff alleges that the diet at the Detention Center "does not contain a healthy balance of nutrients, no fresh fruit, greens or sufficient milk to provide vitamins A, C, and D", and that as a result he suffers from "unexplained ailments." Plaintiff also complains that inmates housed in the Alpha dorm (such as himself) are locked down, and that no inmate housed in the Alpha dorm "has ever had outside recreation", resulting in "severe emotional trauma." Plaintiff also complains that inmates housed in protective custody are treated identically to those housed in disciplinary

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). The Complaint was actually signed by four (4) prisoners, with each prisoner being provided his own separate lawsuit based on the allegations. While Plaintiff's signature was on an attachment page and not directly under the verification, the undersigned has considered the Complaint as a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



segregation, which is "clearly an effort to punish those needing protection." Finally, Plaintiff complains that there is no official grievance system, "or any response to any hand written grievances."

Plaintiff seeks injunctive and/or declaratory relief, as well as monetary damages. Plaintiff has attached to his complaint copies of what are purported to be handmade inmate grievances, but which are not from the Plaintiff (Plaintiff is listed only as having witnessed these grievances, which were filed by another inmate). Plaintiff has also attached copies of some detention center visitation requests, although the relevance of these documents to the Plaintiff's claims is not clear.

As an attachment to his memorandum opposing summary judgment, Plaintiff has submitted an affidavit wherein he repeats his statements contained in his complaint concerning the provision of paper, envelopes and pencils. Plaintiff further attests in his affidavit that, although he was supposed to received two sheets of paper, two envelopes, and time to "use" a pencil once every week, "there have been times where periods of up to three (3) weeks would go by with no letter writing opportunities." Plaintiff also refers the court to another case he has filed concerning this issue, Hazel v. McEnlvogue, et al., Civil Action No. 0:09-2405.

Plaintiff further attests that Sanders subjected him to "continuous retaliation and retribution" because of his filing lawsuits, that she refused to mail his legal mail, and has "stolen rough drafts of my legal work." Plaintiff alleges that Sanders has delayed his access to the canteen, withheld showers from him, "lost" his legal mail, and torn his personal bible. Plaintiff also repeats his claims concerning the adequacy of the food and the lack of recreation, as well as that he is treated exactly as inmates on disciplinary segregation, although he is being held in protective custody. Plaintiff also attests that the Detention Center has "never had a grievance system to file complaints",

3



and that even though he handed in "homemade" grievances, he never had one grievance answered. Plaintiff alleges that on one occasion he spoke to McEnlvogue concerning his grievances and asked McEnlvogue why he had never received one back, but that McEnlvogue "just walked away."[4] See generally, Plaintiff's Affidavit.

In support of their motion for summary judgment, the Defendants have only submitted one exhibit, an Inmate Search Form from the Department of Corrections showing that Plaintiff is now housed with the Department of Corrections, and is no longer an inmate at the Berkeley County Detention Center. See Defendants' Exhibit A.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none

---

[4] Plaintiff also complains in his affidavit that the Detention Center does not have a law library, and that he was not given reading materials, including newspapers and magazines, although these are not claims in his complaint.

4



exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

## (Exhaustion of Administrative Remedies)

Defendants first argue in their memorandum that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199, 211 (2007). To meet this burden, Defendants note that Plaintiff himself states in his verified complaint that he had not received a final agency/departmental/institutional answer or determination concerning the matters raised in this lawsuit prior to filing his lawsuit. See Verified Complaint, § II. However, Plaintiff affirmatively alleges in his verified complaint that the Detention Center had no viable grievance procedure to follow, and further attests in his affidavit that the Detention Center "has never had a grievance system to file complaints." Plaintiff also attests that when he complained to the Defendant McEnlvogue about never receiving responses to his "homemade" grievances, McEnlvogue responded by just walking away. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002)



[stating that prison's failure to timely respond renders administrative remedies unavailable].

The Defendants have submitted no evidence whatsoever to counter the Plaintiff's sworn statements, or to show that Plaintiff either never filed any grievances, or, if he did, did not allow an appropriate amount of time for responses prior to filing this lawsuit. Therefore, the Defendants are not entitled to summary judgment on this ground. Cf. Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) [holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance]; Anderson, 407 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be proven by the Defendant].

## II.

### (Claims for Injunctive and/or Declaratory Relief)

With respect to Plaintiff's requested declaratory and/or injunctive relief (including, inter alia, that procedures be changed to allow for greater access to the Courts, that the diet at the jail be changed, that a restraining order be issued against the Defendant Sanders, and that Plaintiff's custody status be changed), since Plaintiff has now been transferred to the Department of Corrections and is no longer a pre-trial detainee at the Detention Center, his claims for injunctive and/or declaratory relief are now moot. See Williams, 952 F.2d at 823 [The transfer of a prisoner renders moot his claim for injunctive and declaratory relief.]; Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]; Scurry v. Middleton, No. 06-1764, 2007 WL 1068248 at * 3 (D.S.C. Apr. 2, 2007). Therefore, these claims should be dismissed.



## III.

### (Claim Relating to Pens, Paper and Envelope)

With respect to Plaintiff's complaint relating to the provisions of paper, envelopes and pencils, as Plaintiff himself references in his affidavit, he filed a separate lawsuit concerning his right to *purchase* paper, pens, and envelopes. See Hazel v. McEnlvogue, et al., Civil Action No. 0:09-2405. That case was considered and dismissed on the merits by Order of the Court filed June 15, 2010. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. Here, however, Plaintiff's claim differs in that he alleges that because he has been denied access to the court, he missed a specific deadline to file objections in yet another case he had filed, Hazel v. Sanders, Civil Action No. 0:09-2543. See Plaintiff's Affidavit.

In order to pursue a claim for denial of access to the Courts, Plaintiff must have facts sufficient to show both that he was denied access to the courts, and that he suffered some actual injury or specific harm as a result. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir. 1993). Even if the Court were to assume for purposes of summary judgment that Plaintiff was denied an adequate opportunity to timely mail his objections in Civil Action No. 0:09-2543, the record shows that the Court nevertheless considered his objections, which were ultimately filed on December 8, 2009 (see Court Docket No. 14 in Civil Action No. 0:09-2543). After considering Plaintiff's objections, the Court declined to adopt a Report and Recommendation to dismiss the



action; see Court Docket No. 15 in Civil Action No. 0:09-2543; and that action is in fact still pending.

Therefore, even assuming Plaintiff's allegations concerning the Defendants' alleged conduct to be true, he has not shown the necessary harm. Magee, 810 F.2d at 452 ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; see Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue]. Plaintiff's claim for monetary damages with respect to this issue is without merit and should be dismissed.

## IV.

### (Grievance Procedure Claim)

To the extent Plaintiff is asserting a claim in his complaint that he was denied access to a grievance system, or that his grievances were improperly handled, the Defendants are also entitled to summary judgment on this claim, as there is no constitutional right of access to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure does not confer any substantive right upon inmates]; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights]; Burnside v. Moser, 138 Fed.Appx. 414, 415-416 (3d Cir. June 30, 2005). Therefore, to the extent Plaintiff has intended to include this complaint as one of his claims, it is without merit and should be dismissed.



## V.

## (Remainder of Plaintiff's Claims)

Plaintiff's remaining claims concern his request for monetary damages due to retribution/retaliation by the Defendant Sanders, having to eat an unhealthy diet, being allowed inadequate time for recreation, an inadequate opportunity to shower, and improper classification. Plaintiff's claims for damages survive his transfer to another institution. Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).

Defendants argue in their brief that they are entitled to summary judgment on Plaintiff's recreation claim because, during the time period of Plaintiff's incarceration, the Detention Center was undergoing an expansion and was in the middle of a massive construction project, and that in any event prisoners housed in maximum security are provided opportunities to exercise, including walking around their respective dormitories at specific times. However, the Defendants have provided no evidence to support these assertions in their brief. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. With respect to Plaintiff's demand for damages on the remainder of his claims, the Defendants do not even address these claims in their motion.[5]

Therefore, the Defendants are not entitled to summary judgment on these remaining

---

[5] Defendants only addressed Plaintiff's requested injunctive and/or declaratory relief with respect to these claims, arguing that this requested relief was moot. See Defendants' Brief, at pp. 3-4 [§ B]. That issue has already been addressed in this opinion.

9



claims. Cf. Lee v. Murray, N9. 90-6814, 1992 WL 245849, at * 3 (4th Cir. Sept. 29, 1992)[Lack of opportunities for adequate exercise can state a constitutional claim]; Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986)[The Eighth Amendment protects prisoners from the denial of the basic elements of hygiene]; Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]; Johnson v. S.C. Dep't. Of Corrections, No. 06-2062, 2007 WL 904826 at * 7 n. 11 (D.S.C. Mar. 21, 2007)["Prisons and detention facilities are required to provide 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'"] (quoting French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986); Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)["It is settled that prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights."].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted** with respect to Plaintiff's access to court claim, to include his complaints about not having access to paper, envelopes, and writing utensils; with respect to his claim concerning lack of access to a grievance system; as well as with respect to Plaintiff's requests for injunctive and/or declaratory relief.

With respect to Plaintiff's remaining claims for damages for improper classification, denial of adequate opportunity to exercise and to shower, his claim that he was provided with an improper diet, and his claim that he was retaliated against for filing civil lawsuits, Defendants' motion for summary judgment should be **denied** for the reasons stated.



The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

October 18, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

